**Julia Jones**
320 Adolphus Ave #512
Cliffside Park, NJ 07010
(917)828-1904
Pro Se Defendant



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS

| | |
|---|---|
| GERALD ADAMS<br>　　　　Plaintiff,<br>v.<br><br>JULIA JONES, CHRYS CHILDS, FUBU RADIO, INC., YOU42 INC., AND JOHN DOES 1-100<br><br>　　　　Defendants,<br><br>and<br><br>AND INSTAGRAM (IN REM), YOUTUBE (IN REM), AND TIKTOK (IN REM). | **CIVIL ACTION NO: 4:25-cv-02012** |

### MOTION TO SET ASIDE DEFAULT JUDGMENT

TO:　Clerk of the U.S. District Court for the District of Texas
　　　U.S. Courthouse
　　　515 Rusk Avenue Room 8624
　　　Houston, Texas 77002-2605

SUBJECT TO OBJECTION TO PERSONAL JURISDICTION

I, Defendant **Julia Jones**, pro se and without waiving her continuing objection to personal jurisdiction, and respectfully moves this Honorable Court to **set aside the default judgment** entered against her, pursuant to **Federal Rule of Civil Procedure 55(b)(2), 60(b)(1), 60(b)(4), and 60(b) (6)**. In support thereof, Defendant states as follows:

### I. INTRODUCTION AND JURISDICTIONAL DISCLAIMER

This motion is submitted **without waiving Defendant's objection to personal jurisdiction** pursuant to **Rule 12(b)(2)** of the Federal Rules of Civil Procedure. Defendant continues to contest the Court's jurisdiction over her person and preserves all rights in this regard.

## II. PROCEDURAL BACKGROUND

1. On June 28, 2025, Plaintiff filed a Return of Summons, purporting to establish proof of service on Defendant on **June 16, 2025.**

2. However, Defendant was **actually served on June 21, 2025**, by a **Bergen County Sheriff's Officer (Exhibit A)**, not by the private process server as alleged. The date stated by the Plaintiff and process server is inaccurate. Plaintiff fails to submit proper proof of service provided by sheriff.

3. The affidavit submitted by the process server **contains internal contradictions** and lacks evidentiary credibility. Notably, the photo accompanying the affidavit fails to show the documents and a timestamp of any documents being left, contradicting the written claim that service was completed by leaving papers in a conspicuous place.

4. On **June 7, 2025**, Defendant submitted a **letter to the Court** with proof of the actual service date and requested an **extension of time** to respond, citing the incorrect affidavit.

5. On or around **July 11, 2025**, Defendant requested permission for electronic notifications, and became aware of request for entry of default judgment had been entered, without having received any notice of a motion related to default judgment via mail or email.

6. Defendant was never served with a copy of the Plaintiff's Motion for Entry of Default Judgment, nor was she otherwise notified of its filing as required by Rule 55(b)(2) of the Federal Rules of Civil Procedure.

7. Defendant then filed a **Motion to Dismiss for Lack of Jurisdiction**, and **has not yet filed an answer**, preserving her jurisdictional objections. (ECF No. 27)

### III. LEGAL STANDARD

Under **Rule 55(b)(2)** of the Federal Rules of Civil Procedure- Court-Ordered Default Judgement

- **(b)(2)** If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

Under **Rule 60(b)** of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for several reasons, including:

- **(1)** Mistake, inadvertence, surprise, or excusable neglect;
- **(4)** The judgment is void; or
- **(6)** Any other reason that justifies relief.

Courts generally disfavor default judgments and prefer adjudication on the merits. See *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).

### IV. ARGUMENT

**A. Relief Is Justified Under Failure to Serve the Request of Judgment Violates Rule 55(b)(2)**

- Defendant was never served with a copy by the plaintiff of the Request for Entry of Default Judgment, nor was she otherwise notified of its filing by plaintiff as required by **Rule 55(b)(2) of the Federal Rules of Civil Procedure.**

- Under federal law, where a party has appeared in an action—even informally through a letter requesting an extension or raising service issues—the opposing party must serve notice of any

motion for default judgment at least 7 days before a hearing or ruling. See *Fed. R. Civ. P. 55(b)(2); Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 368 (9th Cir. 1977).*

- Because Defendant filed correspondence with the Court on June 7, 2025 (ECF No.25), and actively challenged service and requested time to respond, she was entitled to proper notice and an opportunity to oppose any motion for default. Plaintiff's failure to serve the request is a procedural defect that deprives the Court of authority to enter default judgment. Circumstances justify relief. Defendant had no actual notice by plaintiff of any request to enter default judgment, was not served the request to enter default judgment papers, and was actively seeking to defend herself when she learned of the request for default.

## B. Excusable Neglect and Misrepresentation Under Rule 60(b)(1)

- Defendant made good faith efforts to notify the Court of her intent to respond and timely raised jurisdictional objections. The discrepancy between the Plaintiff's alleged service date and the **actual service by the sheriff on June 21** establishes good cause and **excusable neglect.**

The Plaintiff also submitted a **misleading affidavit** from a process server, creating confusion about the timeline. Defendant relied on official service by the sheriff and promptly responded.

## C. The Default Judgment Is Void Under Rule 60(b)(4)

- The **Court lacks personal jurisdiction** over Defendant because service was improperly documented, and the record relied upon to enter default was defective. **No motion for default judgment** or supporting documents were ever served upon Defendant, violating her **due process rights.** See *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86 (1988) (default judgment entered without proper notice is void and must be set aside).
- No valid return service of summons executed by the sheriffs for proof of service Rule(4)(l)
- Plaintiff used false, defective, or missing affidavit of service

**D. Relief Is Justified Under Rule 60(b)(6)**

Extraordinary circumstances justify relief. Defendant had no actual notice from plaintiff of any request for entry of default judgment, was not served the request for entry of default judgement papers, and was actively seeking to defend herself when she learned of the default.

## V. PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Defendant **Julia Jones** respectfully requests that this Court:

1. **Set aside the request for default judgment** entered against her pursuant to **FRCP 55(2)(b), 60(b)(1), (4), and (6)**;

2. Allow Defendant the opportunity to respond to the Complaint following resolution of the pending **Motion to Dismiss for Lack of Jurisdiction**;

3. Strike the Return of Summons filed on June 28, 2025;

4. Declare that service based on the defective affidavit is invalid;

5. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
Dated: July 18, 2025

Julia Jones
320 Adolphus Ave., Unit 512
Cliffside Park, NJ 07010.
Phone: (917)828-1904
Email: jul.j@me.com
Pro Se Defendant

Julia Jones<br>
320 Adolphus Ave #512<br>
Cliffside Park, NJ 07010<br>
917-828-1904<br>
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2025, a true and correct copy of the foregoing Motion to Set Aside Default Judgment was served via U.S. Mail and/or email to all parties of record.

Anthony Robinson
D Anthony Robinson Law Firm, PLLC
8325 Broadway Suite 202 PMB 85
Pearland, Texas 77581
(346) 837-0915
Email: anthonyrobinsonlaw@gmail.com
Counsel for Plaintiff

<em>/s/ Julia Jones</em><br><br>
Julia Jones<br>
320 Adolphus Ave, Unit 512<br>
Cliffside Park, NJ 07010.<br>
Phone: (917)828-1904<br>
Email: jul.j@me.com<br>
Pro Se Defendant