**D Anthony Robinson Law Firm, PLLC**
Anthony Robinson (Bar Id. 24070515)
8325 Broadway Suite 202 PMB 85
Pearland, Texas 77581
(346) 837-0915
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS

| | |
|---|---|
| GERALD ADAMS<br>      Plaintiff,<br>   v.<br><br>JULIA JONES, CHRYS CHILDS, FUBU RADIO, INC., YOU42 INC., AND JOHN DOES 1-100<br><br>      Defendants,<br><br>and<br><br>AND INSTAGRAM (IN REM), YOUTUBE (IN REM), AND TIKTOK (IN REM). | CIVIL ACTION NO: 4:25-cv-02012 |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiff Gerald Adams, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 65, respectfully moves this Court for a Temporary Restraining Order and Preliminary Injunction against Defendants and states as follows:

**FACTUAL BACKGROUND**

1. Defendant Julia Jones (ECF 1, ¶ 2), along with other named Defendants, have published and continue to publish false and defamatory statements about Plaintiff Gerald Adams (ECF 1, ¶ 1) to

the Texas State Bar (ECF 1, ¶ 30); to Texas residents via YouTube, Instagram, and TikTok (ECF 1, ¶¶ 6-8, 24, 27); via nationwide distributed radio broadcasts (ECF 1, ¶¶ 3-4, 17-18), and other social media platforms (ECF 1, ¶ 24).

2. These statements include false accusations of criminal conduct, fraud, drug trafficking, money laundering, and other fabricated misconduct (ECF 1, ¶¶ 18g, 22, 39); all made without any basis in fact and with the intent to destroy Plaintiff's reputation as a Certified Public Accountant (CPA) in the State of Texas (ECF 1, ¶ 14).

3. Defendant Jones is aware of Plaintiff's standing as a Texas CPA (ECF 1, ¶ 14), his business activities in Texas (ECF 1, ¶ 14), and his reputational standing (ECF 1, ¶ 14). His professional standing and business reputation have been directly harmed by these publications (ECF 1, ¶ 47).

4. The defamatory content has already caused Plaintiff to lose life changing opportunities, as well as clients (ECF 1, ¶ 52).

5. Unless these Court orders these statements be retracted and removed immediately, Plaintiff has no doubt he will imminently lose additional employment opportunities and contractual business relationships (ECF 1, ¶ 52).

6. Currently, Plaintiff has been informed by two prospective clients that they are currently being barred from doing business with him due to the presence of defamatory material published online via Instagram and other social media platforms (ECF 1, ¶ 52). Prospective clients have cited these online falsehoods as reasons for declining to engage Plaintiff's services (ECF 1, ¶ 52).

7. Despite being served with this lawsuit Defendant Jones has escalated the campaign of defamation (ECF 1, ¶ 39).

8. Plaintiff now seeks a Temporary Restraining Order directing Defendant Jones to remove the defamatory content from all platforms (ECF 1, ¶¶ 24, 27, 39).

## LEGAL STANDARD ARGUMENT

9. Plaintiff will suffer immediate and irreparable injury, loss, or damage before Jones can be heard in opposition to this motion, as demonstrated by the Affidavit of Plaintiff, attached. Plaintiff meets the requirements of Rule 65 (b)(1)(A) which provides:

> (b) Temporary Restraining Order.
>
> 1. *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A). specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B). the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

10. Plaintiff also meets the requirements of paragraph (B), quoted above, because the undersigned certifies that he has transmitted a copy via email to Jones.

11. Further, notice to Jones should not be required, a situation allowed by Rule 65(b)(1)(B), because Jones has had abundant opportunity to controvert the allegations in the *Complaint* but has not done so after being served it more than a months ago. For example:

- Jones has failed to advance any substantive defense as demonstrated by her filing a motion to dismiss containing more false and defamatory statements;
- Jones has failed to file or serve Plaintiff's counsel with an *Answer*;
- Jones has failed to respond to the substance of the allegations in the *Complaint*.

12. Meanwhile, Plaintiff will continue to lose opportunities over Hall's ongoing internet defamation of him. Plaintiff's employment is a "business or other property interest." *Ex Parte Tucker*, 220 S.W. 75, 76 (Tex. 1920) (equity will protect natural and contractual rights from interference by attempts at intimidation or coercion). Jones has intentionally targeted his business interest by "tagging" (contacting) Plaintiff's business contacts through social media platforms. Injunctive relief is proper where the injunction only requires the deletion or removal of speech that is adjudicated as defamatory.

*Kinney v. Barnes*, 443 S.W. 3d 87. 93 (Tex. 2014). Plaintiff is not seeking a forward-acting prior restraint.

## APPLICATION TO THIS CASE

13. Plaintiff satisfies the four requisites of a temporary restraining order. To prevail, Plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which he has no adequate remedy at law; (iii) that greater injury will result from denying the preliminary injunction than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. Clark v. Prichard,812 F.2d 991, 993 (5th Cir. 1987); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). Plaintiff must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. Mississippi Power and Light Co. v. United Gas Pipeline, 760 F.2d 618, 621 (5th Cir. 1985); Clark, 812 F.2d at 993.

**A. Substantial Likelihood of Success on the Merits**

14. The verified complaint alleges repeated false statements made with malice and reckless disregard for the truth (ECF 1, ¶¶ 19, 45, 50). The pleadings reflect actual malice (ECF 1, ¶ 45), satisfying *Hagler v. Proctor & Gamble Mfg. Co.*, 884 S.W.2d 771, 772 (Tex. 1994). Defendant Jones has made defamatory statements across social media alleging that Plaintiff has a criminal record, is engaged in criminal activities not limited to narcotics trafficking and human trafficking (ECF 1, ¶¶ 18g, 22, 39). These statements are demonstrably false as Plaintiff has no criminal record (ECF 1, ¶ 18g). Defendant Jones continues to contact individuals in Texas that associate with Plaintiff to continue to defame Plaintiff in an ongoing effort to harm Plaintiff and his business reputation (ECF 1, ¶ 26). Plaintiff has demonstrated Defendant Jones' negligence in making defamatory statements that harm Plaintiff (ECF 1, ¶ 45), see MMR Group Inc., v. Dow Jones & Co., Inc.,987 F. Supp. 535, 538 (S.D. Tex. 1997). The record shows Jones's actual malice in defaming Plaintiff (ECF 1, ¶ 45). Malice,

in regard to defamation context is "the making of a statement with knowledge that it is false, or with reckless disregard of whether it is true." Hagler v. Proctor & Gamble Mfg. Co., 884 S.W.2d 771, 772 (Tex. 1994) (per curiam). Defendant Jones is fully aware that her statements regarding Plaintiff are false and has escalated her campaign against Plaintiff and continued to contact Texas residents in an effort to defame Plaintiffs by spreading false information about Plaintiff (ECF 1, ¶¶ 26, 39).

**B. Substantial Threat of Irreparable Harm**

15. Irreparable harm occurs when there is no adequate remedy at law. Despite filing this action, sending cease and desist letters (ECF 1, ¶¶ 36-38) and requesting that Defendant Jones from continuing her defamatory campaign nothing prevents Defendant Jones from continuing her malicious campaign to destroy Plaintiff's standing with his professional licensing association, business associates, friends, acquaintances, and business clients (ECF 1, ¶ 39). By itself, the threat is real and immediate that Plaintiff will lose his some of this current clients and in turn, lose his ability to gain new business due to the defamatory campaign engaged in by Defendant Jones (ECF 1, ¶ 52). Here, the threat of immediate and irreparable harm is undeniable in terms of making Plaintiff a pariah based on demonstrably false allegation (ECF 1, ¶¶ 18-19), for which a money judgment is a not even an adequate remedy for the harm to Plaintiff's reputation (ECF 1, ¶ 47).

16. Plaintiff has already lost business (ECF 1, ¶ 52), and the continued presence of this defamatory content is causing an imminent threat to his livelihood (ECF 1, ¶ 52).

17. If not enjoined, Plaintiff faces further irreparable harm, including immediate job loss and permanent exclusion from new business opportunities in Texas (ECF 1, ¶ 52). The damage to Plaintiff's reputation and professional relationships cannot be fully compensated with money damages alone (ECF 1, ¶ 47).

**C. Greater Injury from Denial of Injunction**

18. No legal protection exists for Defendants' false statements, and requiring Defendant to remove the defamatory pages and publications causes them no legitimate harm. The injury to Plaintiff from not removing the defamatory pages is irreparable as Plaintiff's harm to his business and reputation will continue to accrue.

**D. Public Interest**

19. Defamation is not in the public interest. Granting an injunction in this context affirms public policy and does not disserve the public interest. No harm will result from enjoining Defendant Jones and requiring that Defendant Jones remove content that she knows is false and has caused harm to Plaintiff. Much greater injury will result to Plaintiff from denying the temporary restraining order sought here.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the following relief:

1. Issue a Temporary Restraining Order requiring Defendant Jones to remove all defamatory content related to Plaintiff from Instagram, TikTok, YouTube, and all other affiliated social media or online platforms;
2. Order Defendants to identify all individuals to whom they have disseminated the defamatory content;
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Anthony Robinson
_____
D. Anthony Robinson