United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02012 |
| | § | |
| JULIA JONES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are (1) *pro se* Defendant Julia Jones' ("Jones") Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss") (Doc. #27), Plaintiff Gerald Adams' Response (Doc. #34), and Jones' Reply (Doc. #46); and (2) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #31) and Jones' Response (Doc. #37; Doc. #38). The Court held a hearing on the Motion for Temporary Restraining Order and Preliminary Injunction on August 1, 2025. Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court grants the Motion to Dismiss and denies the Motion for Temporary Restraining Order and Preliminary Injunction as moot.[1]

**I.    Background**

**a.    Factual Background**

Plaintiff is a Texas resident working as a licensed certified public accountant ("CPA") and

---

[1] Plaintiff has also filed Motion for Entry of Default Judgment against Jones. Doc. #19. Because Jones has appeared in this action to challenge jurisdiction, the Motion for Entry of Default Judgment against Jones is denied. In addition, Jones filed a Motion to Set Aside Default Judgment. Doc. #29. Given that default judgment has not been entered against Jones, this motion is denied as moot.

business consultant. Doc. #1 ¶ 1, 11, 14. In December 2024, Plaintiff discovered he was the subject of a radio segment broadcasted and nationally syndicated on FUBU Radio Inc. ("FUBU) and You42Inc. ("You42"). *Id.* ¶ 18. The segment featured his ex-fiancé, Jones, and her friend, Chrys Childs ("Childs"), who stated that Plaintiff (1) was married while engaged to Jones, (2) attempted to purchase a life insurance policy for Jones, (3) committed mortgage fraud, (4) committed fraud on a stock account, (5) stole funds in the amount of $700,000, (5) was involved in a "kickback scandal" with the NCAA, (6) has a criminal background, and (7) committed identity theft, fraud, and forgery. *Id.* According to Plaintiff, all of these statements are false. *Id.*

In addition to the radio segment published by FUBU and You42, Plaintiff alleges Jones has made similar allegations via Instagram posts on a profile where she misappropriates Plaintiff's name, image, and likeness. *Id.* ¶ 27. Plaintiff alleges that Jones uses the hashtag #whoisfanboy on the Instagram, and that this hashtag was also used by FUBU and You42 when they published the radio broadcast. *Id.* ¶¶ 27–28. Plaintiff sent Jones, FUBU, and You42 multiple written letters asking that they take down the alleged defamatory publications and social media posts. *Id.* ¶¶ 36–37. However, Jones, FUBU, and You42 refused to "take receipt" of the letters. *Id.* ¶ 38. After refusing the letters, Plaintiff alleges Jones went on to make social media posts falsely claiming Plaintiff is, among other things, a narcotics trafficker, involved in robberies, and a human trafficker. *Id.* ¶ 9.

**b.    Procedural History**

Plaintiff filed his Complaint on May 4, 2025, asserting claims against Jones, Childs, FUBU, and You42, as well as social media platforms Instagram, Youtube, and TikTok. Doc. #1. However, since filing the Complaint, Plaintiff has voluntarily dismissed his claims against Instagram and Tiktok. Doc. #18. Specifically, Plaintiff asserts claims against Jones, Childs,

Youtube, FUBU, and You42 (collectively, "Defendants") for (1) defamation, (2) trade libel and business disparagement, (3) invasion of privacy, (4) misappropriation of name and likeness, and (5) defamation per se.  Doc. #1.

On July 15, 2025, Jones filed her Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2), arguing this Court lacks personal jurisdiction.  Doc. #27.  On July 22, 2025, Plaintiff filed his Motion for Temporary Restraining Order and Preliminary Injunction, seeking a temporary restraining order ("TRO") and preliminary injunction requiring Jones to "remove all defamatory content related to Plaintiff from Instagram, TikTok, YouTube, and all other affiliated social media or online platforms."  Doc. #31 at 6.

## II.     Legal Standard

A claim against a defendant over whom the court lacks personal jurisdiction must be dismissed.  FED. R. CIV. P. 12(b)(2).  When a court considers a Rule 12(b)(2) motion without a hearing, as is the care here, the plaintiff must make a prima facie showing of jurisdiction.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint are taken as true to the extent they are not contradicted by affidavits."  *Wyatt v. Kaplan*, 686 F.2d 276, 283 n.13 (5th Cir. 1982).  Courts must "resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction."  *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).

"Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits.  In Texas, courts evaluate personal jurisdiction over nonresident defendants through a two-step inquiry, ensuring compliance with the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment."  *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*,

1 F.4th 346, 351 (5th Cir. 2021).  Given that the Texas long-arm statute "extends to the limits of federal due process," the "the two-step inquiry of assessing the long-arm statute and due process 'collapses into one federal due process analysis.'" *Id.* (quoting *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018)).  Exercising personal jurisdiction over a nonresident defendant is proper under the Due Process Clause when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal quotations and citation omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008).  Specific jurisdiction exists when the plaintiff's claim against the nonresident defendant arises out of or relates to activities that the defendant purposefully directed at the forum state.  *Luv N' care*, 438 F.3d at 469.  "In contrast, general jurisdiction requires the defendant to have maintained 'substantial, continuous, and systematic' contacts with the forum state." *Mullins*, 564 F.3d at 398 (citations omitted); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984).

III.   **Analysis**

Before turning to Plaintiff's request for injunctive relief, the Court will first evaluate Jones' Motion to Dismiss because it challenges jurisdiction.  Specifically, Jones argues this Court lacks personal jurisdiction because she is a resident of New Jersey, has no meaningful ties to Texas, and made the alleged defamatory and disparaging statements outside of Texas.  Doc. #27.  In response, Plaintiff argues this Court has specific personal jurisdiction because Jones directed her statements

4

to Texas and caused harm to Plaintiff in Texas.[2]  Doc. #34.  In determining whether specific

personal jurisdiction exists, the court considers:

> (1) whether the defendant has minimum contacts with the forum state, i.e.,
> whether it purposely directed its activities toward the forum state or
> purposefully availed itself of the privileges of conducting activities there; (2)
> whether the plaintiff's cause of action arises out of or results from the
> defendant's forum-related contacts; and (3) whether the exercise of personal
> jurisdiction is fair and reasonable.

*Vanderbilt Mortg. & Fin., Inc. v. Flores*, 692 F.3d 358, 375 (5th Cir. 2012) (quoting *McFadin v.*

*Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).

As discussed below, the Court need only evaluate the first prong of the specific jurisdiction

analysis, as Plaintiff has failed to make a prima facie showing that Jones purposefully availed

herself in Texas.  In this regard, Plaintiff generally argues that Jones has sufficient minimum

contacts, presumably to support personal jurisdiction as to all claims, because she (1) made

statements that targeted Plaintiff's Texas CPA license, (2) published private information about, or

"doxed," Plaintiff's family members that reside in Texas, (3) "directly contact[ed] Texas

businesses to dissuade them from working with the Plaintiff," and (4) filed a formal complaint

with the Texas Bar regarding the actions of Plaintiff's brother, a licensed attorney. Doc. #34 at 4.

Plaintiff primarily argues this Court has jurisdiction under the so-called *Calder* effects test.

Doc. #34 at 6–11.  "Typically, for a defamation or libel claim, courts analyze specific personal

jurisdiction using the tests articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783

(1984) and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)." *Kuykendall v. Amazon Studios*

*LLC*, No. 5:20-CV-219, 2022 WL 19337992, at *3 (S.D. Tex. Mar. 18, 2022).  However, "the

---

[2] Plaintiff does not argue that this Court has general jurisdiction. Doc. #34. And the Court agrees
that Jones lacks the requisite substantial, continuous, and systematic contacts with Texas required
for general jurisdiction.  Thus, the Court focuses its analysis on specific personal jurisdiction.

*Calder* effects test [is] not limited solely to libel cases." *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 791 (S.D. Tex. 2012). Rather, under *Calder*, "an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999). However, "[t]he Calder effects test requires the defendant's conduct to be 'expressly aimed at' the forum state." *Boyd v. Cleara, L.L.C.*, No. 24-10609, 2025 WL 2082675, at *3 (5th Cir. July 24, 2025). In other words, under *Calder*, "a showing of 'effects' in a forum, without more, is insufficient—a showing of 'aim' is also required." *Kuykendall*, 2022 WL 19337992, at *4. "[T]he 'aim' of the plaintiff under the *Calder* test must be demonstrated by showing that (1) the subject matter of and (2) the sources relied upon for [the content] were in the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005). "The subject prong is only fulfilled when the forum is the focal point of the story: Fleeting mentions of the forum that only serve as collateral or background information do not suffice." *Kuykendall*, 2022 WL 19337992, at *4.

Here, Plaintiff's defamation, trade libel and business disparagement, and defamation per se claims against Jones all arise out of the statements she made on a nationally syndicated radio broadcast and via Instagram posts. *See* Doc. #1 ¶¶ 41–45, 49–50, 67. Likewise, his invasion of privacy claim is premised on the dissemination of certain information via a "radio program, social media platforms, and websites that reach a national audience." *Id.* ¶¶ 54–57. And Plaintiff's misappropriation claim is premised on Jones' use of Plaintiff's photos and likeness on an Instagram page that featured the hashtag #whoisfanboy, which Childs, FUBU, and You42 also used on their websites. *Id.* ¶¶ 61–63. For each of these causes of action, the central question under

*Calder* is whether Jones' alleged tortious conduct was "aimed" at Texas.

While the Complaint alleges that the radio broadcast and posts concerned Plaintiff, who does business in Texas, there is nothing that suggests that Texas was the subject matter or "focal point" of the content. *See Kuykendall*, 2022 WL 19337992, at *4 (finding no personal jurisdiction under *Calder* as to producers who created alleged defamatory content that was distributed on Prime Video because the "focal points of the Show and its allegations about Plaintiff [were] events that occurred in Mexico and California"). Indeed, the Complaint does not allege that Jones made *any* specific statements regarding Texas or Plaintiff's conduct in Texas, aside from the generic assertion that Jones has referenced Plaintiff's "profession as a CPA." *See* Doc. #1 ¶ 28. And though Plaintiff alleges that he is a CPA *in Texas*, this is at best "collateral to the focus" of the radio broadcast and Instagram posts. *See Fielding*, 415 F.3d 419 at 426–27. At bottom, "[P]laintiff's residence in [Texas], and suffering of harm there, will not alone support jurisdiction under *Calder*." *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002). And the Complaint does not allege that Jones, in any respect, intended "to target or focus on Texas [viewers and listeners] as distinguished from [those] in other states." *See Archer & White, Inc. v. Tishler*, No. CIV.A.3:03-CV-0742-D, 2003 WL 22456806, at *3 (N.D. Tex. Oct. 23, 2003) (dismissing for lack of personal jurisdiction where the defendant made allegedly libelous and disparaging posts on the internet about the plaintiff). Thus, under *Calder*, the Court lacks personal jurisdiction over Plaintiff's claims against Jones because Plaintiff has not satisfied the "aim" prong of the *Calder* test.

Plaintiff also asserts that the Court has personal jurisdiction over Jones under *Keeton*, arguing that the radio broadcast by FUBU and You42 was nationally syndicated. Doc. #34 at 10–11, 13. Under the *Keeton* test, courts focus on "whether a publisher or distributor of defamatory content has adequate circulation of the content in the forum state for jurisdictional purposes."

*Kuykendall*, 2022 WL 19337992, at *3. Of note, "the *Keeton* test is typically used for the publishers, or distributors, of defamatory materials." *Id.* at *7. But here, Jones was not a publisher or distributor of the broadcast at issue; that would be FUBU and You42. *See Kuykendall*, 2022 WL 19337992, at *7 (finding no personal jurisdiction under *Keeton* because the defendants that "simply developed and produced" the content at issue could not "reasonably be categorized as publishers or distributors"). Plaintiff has not made any allegations that Jones participated in or controlled the distribution of the radio broadcast. As such, *Keeton* is inapplicable.

In his Response, Plaintiff also alleges, for the first time, that Jones has minimum contacts with Texas because she "doxed" Plaintiff's Texan family members and "directly contact[ed] Texas businesses to dissuade them from working with the Plaintiff." Doc. #34 at 4. But there are no allegations in the Complaint that Jones posted information about Plaintiff's family members residing in Texas. The Complaint only alleges that Jones has "harassed" and "berated" Plaintiff's mother—whose citizenship is not alleged. Doc. #1 ¶¶ 21, 35. Nor does the Complaint allege that Plaintiff directly contacted Texas businesses to dissuade them from working with Plaintiff. Instead, the Complaint vaguely asserts that Jones has made "false statements" to Plaintiff's "business contacts," without identifying where those business contacts are located. Doc. #1 ¶ 26. Because "allegations raised for the first time in response to a dispositive motion are not properly before the court," Plaintiff's arguments regarding "doxing" and direct contact with Texas businesses are insufficient to make a prima facie showing of personal jurisdiction. *See Decor Grp., Inc. v. River City Lights, Inc.*, No. 3:23-CV-0545-G, 2023 WL 4089370, at *6 (N.D. Tex. June 20, 2023).

In addition, Plaintiff's Response argues extensively that Jones has sufficient contacts with Texas because she filed a grievance with the Texas Bar. *See* Doc. #34 at 5–7. But this grievance

concerned Plaintiff's brother, who is not a party to this case. Moreover, though the Complaint alleges that Jones filed the Texas Bar grievance, it does not allege that this grievance forms the basis of any of Plaintiff's claims. *See* Doc. #1. Indeed, none of Plaintiff's claims at all arise out of or relate to Jones filing a complaint with the Texas Bar about a non-party. *Vanderbilt*, 692 F.3d at 375 (noting courts must consider whether the "plaintiff's cause of action arises out of or results from the defendant's forum-related contacts").

Thus, the Court finds that Plaintiff has not made a prima facie showing of personal jurisdiction over Jones, as he has failed to show Jones has the requisite minimum contacts. Jones' Motion to Dismiss under Rule 12(b)(2) is therefore granted, and Plaintiff's claims against Jones are dismissed without prejudice.[3] However, as the Court outlined above, Plaintiff has included factual allegations in his Response that were not included in the Complaint, the most notable of which is that Jones directly contacted Plaintiff's business associates and disseminated false information to dissuade them from working with Plaintiff. The Court liberally construes this as a request for leave to amend under Rule 15, which states that leave should be "freely given." FED. R. CIV. P. 15(a); *see also Hayslett v. Metro. Life Ins. Co.*, No. 3:21-CV-1470-G-BH, 2022 WL 22848382, at *3 (N.D. Tex. July 5, 2022), *report and recommendation adopted*, 2022 WL 2972599 (N.D. Tex. July 27, 2022) ("Plaintiff's response, which makes new allegations . . . , is liberally construed as a motion to amend her complaint and granted."). The Court will grant leave to amend and allow Plaintiff to file an amended complaint aimed at curing the deficiencies outlined in this Order. *See Peninsula Marine, Inc. v. Principle Indus. Servs., LLC*, No. 2:23-CV-000104, 2023 WL 6370644, at *5 (S.D. Tex. July 28, 2023) (granting the defendant's motion to dismiss under

---

[3] "[A] dismissal for lack of personal jurisdiction is not a dismissal on the merits and must therefore be without prejudice." *Diagnostic Affiliates of Ne. Hou, LLC v. Aetna, Inc.*, 654 F. Supp. 3d 595, 603 (S.D. Tex. 2023).

Rule 12(b)(2) but granting the plaintiff leave to amend).

Moreover, because the Court has granted Jones' Motion to Dismiss, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is moot because it only seeks specific injunctive relief against Jones. *See* Doc. #31, Ex. 3. Should Plaintiff cure the jurisdictional issues as to Jones, he is permitted to refile a request for injunctive relief.

## IV.    Conclusion

In conclusion, the Court finds Plaintiff has failed to make a prima facie showing of jurisdiction as to his claims against Jones. Therefore, Jones' Motion to Dismiss (Doc. #27) is GRANTED under Rule 12(b)(2), and Plaintiff's claims against Jones are DISMISSED WITHOUT PREJUDICE. The Court GRANTS Plaintiff leave to file an amended complaint within fourteen days of entry of this Order. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #31) is DENIED as MOOT and without prejudice to refiling.

Moreover, Plaintiff's Motion for Entry of Default Judgment Jones (Doc. #19) is DENIED and Plaintiff's Motion to Set Aside Default Judgment (Doc. #29) is DENIED as MOOT.

It is so ORDERED.

AUG 1 8 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge